IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LOUIS EDWARD WILLIAMS, | ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 3:12-CV-23 (MTT) |
| EARNEST VANDIVIR, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## ORDER

This matter is before the Court on pro se Plaintiff Louis Edward Williams' Application to Proceed in District Court Without Prepaying Fees or Costs, i.e., Motion to Proceed in Forma Pauperis. (Doc. 2). The Plaintiff's financial affidavit discloses monthly expenses totaling more than $900.[1] The Plaintiff reports $772 in total monthly income.

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*.

---

[1] The Court did not include the Plaintiff's $1,600 motor vehicle installment payment because this amount is likely one of his "semiannual," rather than monthly, expenses.

Here, the Plaintiff's total monthly expenses exceed his total monthly income, and thus the Court is satisfied that the Plaintiff is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Plaintiff claims he was prohibited from attending the University of Georgia School of Law because of his race, even though he graduated from the institution as an undergraduate in 1974.[2] Apparently, in retaliation for applying to the law school, points were taken off his undergraduate GPA after the Plaintiff graduated. The Plaintiff claims Louisiana State University also reduced his GPA in 1982. The Complaint then concludes with a history of desegregation efforts at the University of Georgia. Because this action is frivolous and fails to state a claim, it must be **DISMISSED WITHOUT PREJUDICE**. Accordingly, the Plaintiff's Motion to Bring Louisiana Officials and Defendants in Georgia (Doc. 3) and Motion to Add Parties (Doc. 4) are **DENIED as moot**.

The Plaintiff has filed several actions with the Court since October 2009, and nearly all were dismissed for failure to allege a cause of action. The Plaintiff has already been warned that "should the Court deem any future pleadings filed by Plaintiff to be legally or factually frivolous, Plaintiff will be considered to be a 'vexatious litigant'

---

[2] It is worth noting that Chester Davenport, the School of Law's first African-American graduate, had already graduated before the Plaintiff allegedly applied.

and will be required to seek the Court's approval prior to filing another lawsuit." *Williams v. Athens Import Auto Repair*, 3:10-CV-105 (CDL) (Doc. 6, at 4). The Court now warns the Plaintiff that future actions dismissed pursuant to section 1915(e)(2)(B) will be subject to Fed. R. Civ. P. 11(c) sanctions.

**SO ORDERED**, this the 2nd day of May, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
